IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA YATES, Individually and as )
Special Administrator of the Estate of )
TERRY YATES, Deceased, )
)
          Plaintiff, )
)
vs. ) CIVIL NO. 09-659-GPM
)
A.W. CHESTERTON, INC., et al., )
)
          Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the notice of removal in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 2601259, at *1 (S.D. Ill. Aug. 21, 2009); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1090-91 (S.D. Ill. 2007); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-cv-709-JPG, 2007 WL 3231423, at *1 (S.D. Ill. Oct. 30, 2007); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588-89 (S.D. Ill. 2007). *Cf. Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009). In this case Plaintiff Barbara Yates seeks damages under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*, the Illinois Survival Act, 755 ILCS 5/27-6, and the Illinois Rights of Married Persons Act, 750 ILCS 65/0.01 *et seq.*, in connection with the death of her husband Terry Yates from

cancer allegedly caused by exposure to asbestos. Mrs. Yates brought suit originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and Defendant Detroit Diesel Corporation ("Detroit Diesel") has removed her claims against it to this Court. Detroit Diesel asserts that federal subject matter jurisdiction is proper on the basis of federal bankruptcy jurisdiction because Detroit Diesel has a right to be indemnified by its co-Defendant in Mrs. Yates's state-court proceeding General Motors Corporation ("GMC"), which filed for Chapter 11 bankruptcy protection in a federal court in New York on June 1, 2009. The Court's review of the notice of removal and the record of this case leads it to conclude that the case must be remanded to state court under principles of permissive abstention and equitable remand.

As an initial matter, the Court notes that the removal of this case is not timely under the thirty-day time limit for removal set out in 28 U.S.C. § 1446(b). *See Intra Muros Trust v. Truck Stop Scale Co.*, 163 B.R. 344, 345-46 (N.D. Ind. 1994); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.*, 51 B.R. 578, 581-82 (N.D. Ind. 1985); *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 472-73 (N.D. Ill. 1985). Also, Detroit Diesel does not explain in its notice of removal whether any of its co-Defendants in Mrs. Yates's state-court proceeding consent to the removal of her claims against Detroit Diesel and, if not, whether it is proper to dispense with their consent. *See Orion Ref. Corp. v. Fluor Enters., Inc.*, 319 B.R. 480, 485-86 (E.D. La. 2004); *Retirement Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1262-64 (M.D. Ala. 2002); *Ross v. Thousand Adventures of Iowa, Inc.*, 178 F. Supp. 2d 996, 1002 (S.D. Iowa 2001); *Whitney Nat'l Bank v. Bunch*, No. CIV.A. 00-2859, 2001 WL 87443, at *2 n.9 (E.D. La. Jan. 30, 2001).[1] Ordinarily the Court

---

1. Detroit Diesel's co-Defendants in the state-court proceeding are, in addition to A.W. Chesterton, Inc., and GMC: Advance Auto Parts, Inc.; Allied Manufacturing Co.; American Biltrite, Inc.; American Standard, Inc.; Ametek Chemical Products; Ametek, Inc.; Arvinmeritor, Inc.;

would enter an order requiring Mrs. Yates to file either a timely motion for remand of this case due to the procedural defects in the removal of the case or a consent to the removal waiving the defects. *See, e.g., Reynolds v. Schucks Mkts., Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at **3-4 (S.D. Ill. May 19, 2009) (citing *In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994)). The Court will not do so, however, because, as already has been noted, this case is due to be remanded to state court on the basis of permissive abstention and equitable remand.

The bankruptcy jurisdiction of the federal courts lies in 28 U.S.C. § 1334, which provides, in relevant part, that "the district courts shall have original and exclusive jurisdiction of all cases under title 11 [of the United States Code]" and that "the district courts shall have original but not

---

Benjamin Moore & Co.; Boeing Co.; Bondex International, Inc.; Brand Insulations, Inc.; Bridgestone/Firestone, Inc.; Borg-Warner Corp. by its successor-in-interest Borgwarner Morse Tec, Inc.; Certain-Teed Corp.; Cleaver-Brooks, Inc.; Continental Teves, Inc.; Cooper Industries, Inc.; Crown Cork & Seal Co.; Cummins, Inc.; Daimler Chrysler Corp.; Discount Auto Parts, Inc.; Domco Products Texas, LP; Dow Chemical Co.; DuPont Chemical Co.; E.I. Dupont De Nemours Co.; Eaton Corp.; Ford Motor Co.; Foster Wheeler Energy Corp.; Freightliner, LLC; Garlock, Inc.; General Electric Co.; General Gasket Corp.; General Refractories Co.; Genuine Parts Co.; Georgia-Pacific Corp.; Glidden Co. d/b/a ICI Paints; Goodyear Tire & Rubber Co.; Grimes Aerospace Co. d/b/a Surface Combustion; Hennessy Industries, Inc.; Homasote Co.; Honeywell International, Inc.; Imo Industries, Inc.; Industrial Holdings Corp. f/k/a Carborundum Co.; Ingersoll-Rand Co.; International Paper Co.; International Truck & Engine Corp.; J.C. Whitney & Co.; John Crane, Inc.; Kaiser Gypsum Co.; KCG, Inc.; Kelly Moore Paint Co.; Kelsey-Hayes Co.; Kentile Floors, Inc.; Kenworth Truck Co.; Lear Siegler Diversified Holdings Corp.; Mack Trucks, Inc.; Maremont Corp.; McDonnell Douglas Corp.; McKesson Corp.; McKesson Chemical Co.; Mead Corp.; Metropolitan Life Insurance Co.; Motion Control Industries, Inc., as successor-in-interest to Carlisle Corp.; Owens-Illinois, Inc.; Paccar, Inc.; Pep Boys – Manny, Moe & Jack; Peterbilt Motors Co.; Philips Electronics North America Corp.; Pneumo Abex Corp.; Riley Stoker Corp.; Rockwell Automation, Inc.; RPM International, Inc.; RPM, Inc.; Sears, Roebuck & Co.; Sherwin-Williams Co.; Sprinkmann Sons Corp.; Sprinkmann Sons Corp. of Illinois; Standard Motor Products, Inc.; T.H. Agriculture & Nutrition, LLC, as successor to Thompson Hayward Chemical Co.; Union Carbide Corp.; Volvo Trucks North America, Inc.; Warren Pumps, Inc.; Warren Pumps, LLC; Western Auto Supply Co.; Westinghouse Electric Corp. n/k/a Viacom, Inc.; Young Group, Ltd., f/k/a Young Sales Corp.; and Young Insulation Group of St. Louis, Inc.

exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 provides that, after removal, "in the interest of justice, or in the interest of comity with State courts or respect for State law," a district court may "abstain[ ] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Similarly, Section 1452 provides that, after removal, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). A court may act sua sponte to remand a case on grounds of permissive abstention pursuant to Section 1334(c)(1). *See In re Gober*, 100 F.3d 1195, 1207 n.10 (5th Cir. 1996); *In re Cockings*, 195 B.R. 915, 917 n.3 (Bankr. E.D. Ark. 1996); *In re Roddam*, 193 B.R. 971, 975 n.3 (Bankr. N.D. Ala. 1996); *Scherer v. Carroll*, 150 B.R. 549, 552 (D. Vt. 1993); *In re Richmond Tank Car Co.*, 119 B.R. 124, 125 (S.D. Tex. 1989). A court likewise can act sua sponte in remanding a case on equitable grounds pursuant to Section 1452(b). *See In re Trusty*, Bankruptcy No. 06-15767ELF, Adversary No. 07-012, 2007 WL 3274420, at *4 n.17 (Bankr. E.D. Pa. Nov. 5, 2007); *In re Performance Interconnect Corp.*, Bankruptcy No. 06-34482-BJH-7, Adversary No. 07-3100, 2007 WL 2088281, at *4 (Bankr. N.D. Tex. July 19, 2007); *In re Potter*, Bankruptcy No. 11-05-14071 MS, Adversary No. 06-1138 M, 2007 WL 1672181, at *8 n.11 (Bankr. D.N.M. June 6, 2007); *Smith v. Wal-Mart Stores, Inc.*, 305 F. Supp. 2d. 652, 658 n.9 (S.D. Miss. 2003); *Scherer*, 150 B.R. at 552; *In re Ramada Inn-Paragould Gen. P'ship*, 137 B.R. 31, 33 (Bankr. E.D. Ark. 1992).

The doctrine of equitable remand codified in 28 U.S.C. § 1452(b) permits a federal court to remand a case removed in bankruptcy jurisdiction on "any appropriate ground." *AEL Fin., LLC v. Tessier*, No. 06 C 6875, 2007 WL 781727, at *5 (N.D. Ill. Mar. 12, 2007) (quoting *In re United States Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997)). In evaluating the propriety of remand, a court should examine a number of factors, including: (1) the extent to which judicial resources will be duplicated or inefficiently used; (2) whether remand will adversely affect the administration of the bankruptcy estate; (3) whether the case involves state law issues better addressed by a state court; (4) comity considerations; (5) whether there is prejudice to unremoved parties; (6) whether the remand lessens the possibility of inconsistent results; and (7) whether the court in which the action originated has greater expertise. *See In re Hearthside Baking Co.*, 391 B.R. 807, 818 (Bankr. N.D. Ill. 2008); *Kim Littlefield, DMD, P.C. v. Orthodontic Ctrs. of Ill., Inc.*, Civil No. 06-606-GPM, 2007 WL 273766, at *2 (S.D. Ill. Jan. 26, 2007); *Dalen v. Clamage*, No. 97 C 5174, 1997 WL 652343, at *6 (N.D. Ill. Oct. 10, 1997). The factors are to be weighed flexibly according to the circumstances of the case, and the decision regarding remand is committed to a court's discretion. *See Pio v. General Nutrition Cos.*, No. 06 C 2140, 2006 WL 3147721, at *4 (N.D. Ill. Oct. 31, 2006) (citing *In re Chicago Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993)).[2]

---

2. "Permissive abstention under [28 U.S.C.] § 1334(c)(1) and equitable remand under [Section] 1452(b) are essentially identical," and thus "the analysis with respect to both is the same." *Klohr v. Martin & Bayley, Inc.*, Civil No. 05-456-GPM, 2006 WL 1207141, at *4 n.1 (S.D. Ill. May 4, 2006) (quoting *Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 215 (N.D. Ohio 2000)) (collecting cases). *See also Eaton v. Taskin, Inc.*, No. 07-3056, 2007 WL 2700554, at *4 (C.D. Ill. July 20, 2007) ("The standard applicable for both [permissive abstention and equitable remand] is essentially the same."). Accordingly, the Court's analysis with respect to the propriety of equitable remand in this case should be understood also as an analysis of the propriety of permissive abstention in this case.

As a preface to its discussion of how the factors relevant to permissive abstention and equitable remand apply in this case, the Court notes that this case is not, as Detroit Diesel claims in its notice of removal, a core bankruptcy proceeding within the meaning of 28 U.S.C. § 157. The United States Court of Appeals for the Seventh Circuit has explained that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *United States Brass*, 110 F.3d at 1268. In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). By contrast, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id*. Such a proceeding "may be related to the bankruptcy because of its potential effect, but . . . it is . . . [a] non-core proceeding." *Id*. (emphasis omitted). *See also Shiboleth v. Yerushalmi*, No. 09 Civ. 1016(LBS), 2009 WL 792718, at *2 (S.D.N.Y. Mar. 25, 2009) (quoting *In re Emergency Beacon Corp*., 52 B.R. 979, 986 (S.D.N.Y. 1985)) ("[A] proceeding is non-core if it 'involve[s] the adjudication of state-created private rights, such as the right to recover contract damages,' and the outcome of the proceeding could affect the estate being administered in bankruptcy."). As discussed, this is a case arising under Illinois law, not federal bankruptcy law, although it appears that a judgment against Detroit Diesel could affect GMC's bankruptcy proceedings by reason of the right of indemnification by GMC that Detroit Diesel claims that it has. In sum, Mrs. Yates's claims against Detroit Diesel constitute a non-core matter that is, at most, related to GMC's bankruptcy,

given that "[a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.'" *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1991) (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987)).[3]

Having determined that this case involves no core bankruptcy matters, it becomes readily apparent to the Court how the question of remand should be decided. The Seventh Circuit Court of Appeals has expressed a strong preference that, with respect to cases removed from state court to federal court as being related to a bankruptcy, "[t]he use of the Bankruptcy Code to obtain a [federal] forum . . . not be encouraged" and that "questions of [state] law . . . be decided by the state courts . . . rather than by [a federal] court." *United States Brass*, 110 F.3d at 1265. *See also In re FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996) (urging narrow construction of 28 U.S.C. § 1334(b) because "common sense cautions against an open-ended interpretation of the 'related to' statutory language . . . in a universe where everything is related to everything else."); *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989) (bankruptcy jurisdiction is to be construed narrowly "not only out of respect for Article III but also to preserve the jurisdiction of state

---

3. In fact the Court finds it more than a little questionable whether this case is even related to a bankruptcy, given that the sole relationship between this case and GMC's bankruptcy is a potential third-party claim by Detroit Diesel against GMC for indemnification. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984); *Wise v. Travelers Indem. Co.*, 192 F. Supp. 2d 506, 513-18 (N.D.W.Va. 2002); *In re Asbestos Litig.*, 271 B.R. 118, 122-25 (S.D.W.Va. 2001); *In re Salem Mills, Inc.*, 148 B.R. 505, 508-09 (N.D. Ill. 1992). On the other hand, if Detroit Diesel has a contractual indemnity agreement with GMC, or if Detroit Diesel has claimed as a creditor in GMC's bankruptcy proceeding, arguably these circumstances would establish a basis for related to jurisdiction. *See In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997); *Kalamazoo Realty Venture Ltd. P'ship v. Blockbuster Entm't Corp.*, 249 B.R. 879, 885 n.4 (N.D. Ill. 2000); *In re Spaulding & Co.*, 131 B.R. 84, 89 (N.D. Ill. 1990). In any event, resolution of these questions does not affect the result the Court ultimately reaches in this matter.

courts"); *In re Kubly*, 818 F.2d 643, 645 (7th Cir. 1987) (bankruptcy jurisdiction is to be construed narrowly "lest bankruptcy courts displace state courts for large categories of disputes in which some party . . . may be bankrupt"); *In re White Trailer Corp.*, 222 B.R. 322, 325 (Bankr. N.D. Ind. 1998) (citing *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994)) ("[T]he Seventh Circuit . . . has repeatedly emphasized that the bankruptcy court should interpret its jurisdiction narrowly.") (collecting cases). Both inside and outside the context of removals based on bankruptcy jurisdiction, this Court is of the view that "whenever possible, state courts should decide issues of state law, particularly when, as here, state-law claims were sued on originally in state court." *Pio*, 2006 WL 3147721, at *5 (quoting *Klohr*, 2006 WL 1207141, at *5). *See also In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 321 (S.D. Ill. 2007) (citing *Kim Littlefield*, 2007 WL 273766, at *4) (noting that "such power as federal courts possess to interpret and apply state law is, at best, a negative power or, perhaps more properly, a badge of weakness, arising as it does from the fact that such courts lack constitutional authority to create a broad body of common law."). This case presents only issues of state law, and stands in a remote and tenuous relationship to a bankruptcy proceeding. The Court is certain that, if this case is allowed to go forward in state court where it originally was filed, no harm to the efficient administration of GMC's bankruptcy estate will ensue, as the bankruptcy estate is protected by a stay pursuant to 11 U.S.C. § 362, and the bankruptcy court and the bankruptcy trustee doubtless have been apprised of the pendency of this action. In view of the fact that state-law issues predominate overwhelmingly over bankruptcy issues in this case, and giving effect both to Mrs. Yates's choice of forum and the Court's policy of permitting state courts to resolve matters of state law, this case will be remanded to state court under principles of permissive abstention and equitable remand.

To conclude, pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

DATED: August 31, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
